UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KERMIT HALL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:11CV01545 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Kermit K. Hall's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1]. The government has filed its Response to the Motion [ECF No. 7], and Movant has filed his traverse [ECF No. 9].

**I. BACKGROUND AND PROCEDURAL HISTORY**

On November 15, 2007, Movant Kermit K. Hall ("Hall") was indicted by a Federal Grand Jury on one count of mail fraud and two counts of wire fraud in connection with Hall's scheme to defraud investors in violation of 18 U.S.C. §§ 1341 and 1343, respectfully. To effectuate his scheme, Hall set up two trusts in February 2003, the Kingsley Trust and the Axiom Trust, which he used to solicit investors with false promises of large returns. In reality, the funds Hall solicited were used for his personal expenses and to purchase vehicles.

Following trial, a jury found Hall guilty on both counts of wire fraud and one count of mail fraud. *United States v. Hall*, No. 4:07CR00697 ERW-1 (E.D. Mo. Jan. 28, 2009). This Court sentenced Hall to 59 months in prison, assessing a two-level enhancement because Hall committed his fraud through mass-marketing by means of a website Hall created for the Kingsley Trust. Hall appealed his conviction and sentence to the Eighth Circuit Court of Appeals, arguing

that the Court committed an evidentiary error during trial by admitting evidence regarding the Axiom Trust, and that the Court erred during his sentencing hearing because there was no evidence to support a two-level enhancement of his sentence due to the use of mass-marketing to effectuate the fraud. The Eighth Circuit affirmed Hall's conviction, ruling that the Court did not err in admitting the Axiom Trust evidence because the "Axiom and Kingsley Trusts were inextricably intertwined, and evidence of the Axiom Trust was intrinsic to the indictment." *United States v. Hall*, 604 F.3d 539, 543-44 (8th Cir. 2010). The Eighth Circuit also held that there was sufficient evidence to support the enhancement, stating, "The mere fact Hall operated a website devoted to the solicitation of investments in his fraudulent scheme is sufficient." *Id*. at 545.

In his present motion under 28 U.S.C. § 2255, Hall asks the Court to vacate, set aside, or reduce his sentence, asserting as grounds for relief that: (1) the Court erred in admitting evidence regarding the Axiom Trust; (2) the Court erred in applying a two-level enhancement to his sentence under § 2B1.1(b)(2)(A)(ii) of the U.S. Sentencing Guidelines; (3) the Court failed to make specific findings of fact at sentencing; (4) the prosecution willfully withheld exculpatory evidence; (5) he was impermissibly denied access to the Courts because information contained in an interview of a special agent was suppressed; (6) his trial and appellate counsel provided ineffective assistance because they failed to object to the unconstitutionality of his sentencing enhancement; and (7) his trial counsel provided ineffective assistance in failing to investigate timely or to negotiate a favorable plea agreement prior to trial.

## II. LEGAL STANDARD FOR MOTIONS UNDER 28 U.S.C. § 2255

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the movant establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception is in place to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim. *Id.* Additionally, a movant's attorney may serve as counsel for both the trial and appellate case, and it is unlikely that the attorney would raise a claim of his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003).

3

To excuse procedural default, however, a movant raising a constitutional claim for the first time in a § 2255 proceeding still must demonstrate cause and prejudice. *Anderson*, 25 F. 3d at 706. Ordinarily, issues that were raised and decided on direct appeal cannot be relitigated in a § 2255 motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence, and are available only in the extraordinary case. *Id*.

### III. RIGHT TO EVIDENTIARY HEARING

If the movant's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).  A movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief."  *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).  As movant's claims can be conclusively determined based upon the record, no evidentiary hearing will be held.

### IV. DISCUSSION

#### A. Procedurally-Barred or -Defaulted Claims

With narrow exception, issues raised and decided on direct appeal cannot be relitigated in a collateral attack brought under 28 U.S.C. § 2255. *Wiley*, 245 F.3d at 752.  Hall's first two claims of error, concerning the admission of evidence of the Axiom Trust during trial, and the Court's application of the two-level enhancement during sentencing, were both raised and

4

decided against Hall in his direct appeal.  *Hall*, 604 F.3d 539.  Consequently, Hall is barred from raising those same arguments in a § 2255 motion.  Exception to this well-established rule has been recognized by the Eighth Circuit only when movants produced convincing new evidence of actual innocence.  *Wiley*, 245 F.3d at 752.  Hall has failed to produce any evidence of actual innocence.  Moreover, even if he had, Hall could not prevail because the Eighth Circuit has held that the actual innocence exception does not apply to noncapital sentences. *Id*.

On direct appeal,  Hall contended that his victims would have invested in the Kingsley Trust even without any knowledge of the website because it was Hall's "force of personalty and connections," not the website that convinced his victims to invest. *Hall*, 604 F.3d at 544.  Hall's present argument in which he asserts that facts supporting the enhancement were not proved to a jury beyond a reasonable doubt and claims the Court employed the wrong standard of proof, is merely an attempt to put a new spin on his challenge of the Court's two-level enhancement that was previously determined on direct appeal, and is thus procedurally barred.  *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Anderson v. United States*, 25 F.3d 704 (8th Cir. 1994).  On direct appeal, the Eighth Circuit evaluated the evidence supporting the mass-marketing enhancement. *Hall*, 604 F.3d at 544-45.  The Eighth Circuit rejected Hall's argument, stating, "[t]he § 2B1.1(b)(2)(A)(ii) enhancement applies regardless of whether, in a hypothetical world, Hall could have successfully solicited his victims employing the more traditional arts of persuasion." *Id.* at 545 (citing *Cf. United States v. Kossak*, 178 Fed.Appx. 183, 187 (3d Cir. 2006)).  Furthermore, the record refutes Hall's claim, as it reveals that the jury was charged with finding each element of the crimes charged beyond a reasonable doubt, that they were instructed to consider each count of the Indictment separately, and that the Indictment's mail fraud count charged, among other things, that Hall solicited investments in the Kingsley

Trust based on materially false representations about the safety of investments in the Trust, and that an individual, under Hall's direction, developed the Kingsley Trust website, which falsely described the Trust's investments.

Hall additionally couches this claim of sentencing error as an ineffective-assistance-of-counsel claim, asserting that his attorney should have argued during sentencing for a higher standard of proof for assessing the two-level enhancement. Even if this collateral attack were not procedurally defaulted, it nevertheless would fail, because any such argument by counsel would have been unsuccessful. See *United States v. Pirani*, 406 F.3d 543, 551 n.4 (8th Cir. 2005) ("Nothing in [*United States v. Booker*, 543 U.S. 222 (2005)] suggests that sentencing judges are required to find sentencing-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime. *See* U.S.S.G. § 6A1.3, comment."); *United States v. Moss*, 252 F.3d 993, 996 (8th Cir. 2001) (permitting judge-found fact to affect sentence imposed after valid conviction does not result in fundamentally unfair criminal proceeding; claim unraised on direct appeal is procedurally defaulted unless cause for default and actual prejudice, or actual innocence, is demonstrated); *Bear Stops*, 339 F.3d at 780-81 (to prevail on ineffective assistance claim, movant must show counsel's performance was deficient, and that deficient performance prejudiced defense, i.e., result of proceedings would have been different absent counsel's error).

Hall's claims in which he asserts that the Court failed to make specific findings of fact at sentencing in violation of Rule 32 of the Federal Rules of Criminal Procedure, that the prosecution willfully withheld documents that could have been used to impeach government witnesses, and that he was denied access to the Court due to the suppression of an alleged second interview of a special agent involved in his case, are also procedurally defaulted. Nothing prevented Hall from making these claims on direct appeal. A motion under § 2255 is not a

substitute for a direct appeal, and generally, claims not raised on direct appeal may not be raised on collateral review unless the movant establishes cause for the default and resulting prejudice. *Anderson*, 25 F.3d at 706. Hall has not made the requisite showing to excuse his procedural default.

Furthermore, the record refutes his claim that the Court failed to make necessary findings during sentencing. The record shows that, after hearing testimony, receiving exhibits, and considering arguments from the parties, the Court expressly found the two-level enhancement was applicable to Hall because the Kingsley Trust website was operation, some of Hall's victims had interacted with the website, and investments were made as a result of, or in connection with, this website contact [ECF No. 7-1 at 15]. *Hall*, 604 F.3d at 545 n. 9.

**B. Claims of Ineffective Assistance of Counsel**

In order to succeed on an ineffective assistance of counsel claim, a movant must satisfy the two prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires proof that "(1) counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "(2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694; *see also, e.g.*, *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006).

To satisfy the first prong, the movant must show that counsel's performance was deficient, measured by an objective standard of reasonableness "in light of professional norms prevailing when the representation took place." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (internal citations omitted). Under this prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*,

7

466 U.S. at 689. Therefore, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," and "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91.

In order to satisfy the second prong of the *Strickland* test, a movant must also prove that counsel's deficient performance prejudiced the case. Id. at 697. The necessary showing of a "reasonable probability" of a different outcome must be greater than just a possibility; it "is a probability sufficient to undermine confidence in the outcome." *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008) (internal quotations and citations omitted); *see also Odem v. Hopkins* 382 F.3d 846, 851 (8th Cir. 2004) ("It is not sufficient for a defendant to show that the error has some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding.") (internal citation omitted). The Court may address the two *Strickland* prongs in any order, and if the movant has failed to make a sufficient showing for one prong, the Court need not address the other. *See Strickland*, 466 U.S. at 697.

Hall asserts his counsel was ineffective because he failed to timely investigate or try to negotiate a favorable plea agreement. This allegation is firmly refuted by the record. The Government, on two separate occasions, offered a favorable plea bargain after negotiations with Hall's counsel. In the first plea bargain proposed to Hall while represented by his first appointed attorney, the Government offered to recommend a final offense level of 20 in return for Hall entering a guilty plea before April 15, 2008. This plea bargain deal would have resulted in a sentence between 33 and 41 months, considerably more favorable then the ultimate imposed sentence of 59 months. [ECF No. 7-1]. Although Hall rejected this initial recommendation, the

8

Government, once again, offered Hall a favorable plea bargain through his second attorney. Hall's second attorney was able to negotiate an even better plea bargain for Hall, resulting in the Government offering a offense level of 18, which would have resulted in an advisory sentencing guideline range between 27 and 33 months. After discussing this offer with counsel, who explained that the proposal would result in relatively minimal incarceration time compared to that he would face if convicted, Hall elected to proceed to trial, continually proclaiming his innocence. [ECF No. 7-1].

Hall also appears to contend his appellate counsel was ineffective for not asserting that the Court erred in failing to instruct the Jury on the materiality element of his mail and wire fraud offenses. This claim is also clearly refuted by the record, as the jury instructions for all three counts of fraud included an instruction on materiality. The relevant portion of the jury instructions reads as follows: "A representation is 'material' if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether or not to engage in a particular transaction." [*United States v. Hall*, No. 4:07CR00697 ERW, ECF No. 80]. An attorney is not ineffective for failing to raise a meritless claim on appeal. *Gibson v. Gammon*, 175 F.3d 1024 (8th Cir. 1999). Since Hall's allegation is clearly unsupported in the record, this claim will be denied.

Finally, Hall vaguely asserts he was prejudiced by the cumulative impact of multiple deficiencies or errors by counsel throughout his criminal proceedings. However, cumulative error cannot give rise to a finding of prejudice, as the Eighth Circuit has clearly held:

> We repeatedly have recognized [that] "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002) (citation omitted); *see, e.g.*, *United States v. Robinson*, 301 F.3d 923, 925 n.3 (8th Cir. 2002) (recognizing "the numerosity of the alleged deficiencies does not demonstrate by itself the necessity for habeas relief," and noting the Eighth Circuit's rejection of cumulative error doctrine);

9

*Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) ("Errors that are not unconstitutional individually cannot be added together to create a constitutional violation." (citation omitted)); *Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir. 1990) (holding "cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own" (citation omitted)).

*Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006). Since there is no legal basis for Hall's claim, this claim must fail.

## V. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## VI. CONCLUSION

Movant's claim of ineffective assistance of counsel is clearly refuted by the record in this case, and therefore an evidentiary hearing is not required. Further, Movant Hall has failed to demonstrate that his sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by the law. Thus, Hall's § 2255 claims fail, and he is not entitled to the relief he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Kermit Hall's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

Dated this 10th day of August, 2012.

                                          _____
                                          E. RICHARD WEBBER
                                          SENIOR UNITED STATES DISTRICT JUDGE